DONALD
LAW

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-20

Marek Kwasnik,
        Petitioner

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

APR 26 2005

RECEIVED

v.

ORDER

State of Maine Unemployment Insurance Commission, *et al.*
        Respondent

This case comes before the Court on Petitioner Marek Kwasnik's Motion to Correct the Record of Agency Proceedings, and Motion for Enlargement of Time in his 80C appeal.

## FACTS

Marek Kwasnik (Petitioner) was employed at Barber Foods, Inc., from September 4, 2002, until he was discharged on November 1, 2002. He applied for, and is entitled to receive unemployment benefits. The Department of Labor, Division of Administrative Hearings (DHA), held a hearing on January 14, 2004 to determine whether Barber Foods was chargeable for those benefits, or whether the Petitioner was discharged for misconduct, as defined by statute, 26 M.R.S.A. § 1043. Barber Foods maintained that Petitioner was discharged because of his abrasive demeanor and because he violated safety procedures. Petitioner argued he was discharged because he associated with a former co-worker, who had sued Barber Foods. The DHA found Petitioner had been discharged for misconduct. Under Maine law, Petitioner was therefore disqualified from receiving unemployment benefits until he earned four (4) times his weekly benefit amount

from another employer.[1] On April 9, 2004, the Maine State Unemployment Insurance Commission (UIC) affirmed and adopted the DHA decision.

On May 10, 2004, Petitioner filed a petition pursuant to Maine Civil Rule 80C, seeking to reverse the UIC decision, while also challenging the constitutionality of the statutory definition of "misconduct" used in the proceedings, pursuant to 26 M.R.S.A. § 1043(23)(A)(2) and (3). Petitioner has requested a jury trial and seeks to have all findings of misconduct removed from his employment record.

Petitioner's motion for joinder of independent claims was denied on October 4, 2004, and the parties were ordered to file an administrative record within ten days. The administrative record was filed October 8, 2004. Following Petitioner's unsuccessful interlocutory appeal of his joinder motion, an amended scheduling order was issued, requiring both parties to submit briefs on the 80C appeal by January 5, 2005. Instead, on January 5, 2005, Petitioner filed a motion to correct the transcript of his initial hearing in the administrative record, and a motion for enlargement of time to file his 80C brief.

Petitioner argues the transcript of his January 14, 2004 hearing before the DHA was inaccurately transcribed by persons employed by the Defendant, who may be biased against him and his appeal. Petitioner states that the transcript's inaccuracies first came to his attention when he was preparing his brief and precluded him from submitting his brief in a timely fashion. The UIC argues the transcript was prepared using standard agency procedures that safeguard its accuracy and that are entitled to a presumption of regularity. UIC also argues

---

[1] 26 M.R.S.A. § 1193 (2) (1988).

Petitioner is precluded from seeking to alter the agency record under Maine Rules of Civil Procedure.

At oral argument, Petitioner asked for leave to join as defendants John B. Wlodkowski, Vincent O'Malley, Deanna Gibson, and Veronica Terroni, whom he accuses of conspiring to alter and distort the hearing transcript, and thus, the record on appeal. Petitioner asked for leave to amend his complaint to include claims of conspiracy (Count II) and intentional misrepresentation (Count III).

## DISCUSSION

I. Motion to Correct the Record

Under Maine Rules of Civil Procedure, on an 80C review of final agency actions, "[t]he agency shall file the complete record of the proceedings under review as provided by 5 M.R.S.A. § 11005. If the petitioner believes that the record filed by the agency either is incomplete or overinclusive, the petitioner shall serve notice upon the agency within 10 days after the record is filed." M.R. Civ. P. 80C(f). Notice to the agency of inaccuracies must "include specific proposals by the petitioner regarding additions or deletions from the record filed by the agency." *Id.* If the two sides cannot agree on the contents of the record on review "the petitioner may request that the court modify the contents of the record." *Id. See, e.g., Murphy v. Bd. of Envtl. Prot.,* 615 A.2d 255 (Me. 1992) (denying petitioner's motion to admit additional transcripts of an agency's deliberations, when those transcripts were incomplete, did not identify speakers, and included privileged legal communication).

Here, Petitioner has allowed all procedural deadlines for challenging the administrative record submitted by the UIC to expire. The record was filed on October 8, 2004, by order of this Court to both parties, and the deadline for notice

3

to UIC of any inaccuracies or omissions expired on October 18, 2004. Although the Petitioner levels serious allegations against UIC of fabrication and bias in the preparation of the transcript, this Court finds no evidence that UIC's procedures, including a review of transcripts for accuracy by a second person before the record is filed, should not be accorded a presumption of regularity. *In re Maine Clean Fuels, Inc.* 310 A.2d 736, 744 (Me. 1973)(finding a generally accepted principle of administrative law that administrative agencies, in the absence of specific legislative direction, and within the bounds of fair play, should be free to fashion their own rules of procedure). Although the time has passed for Petitioner to object to the record filed by UIC, this Court retains its authority and discretion to take additional evidence during the 80C hearing and to correct or modify the record pursuant to 5 M.R.S.A. § 11006(1)(A), (2) (2004) and M.R. Civ. P. 80C(d).

II.  Enlargement of time.

Petitioner also moves to allow an enlargement of time to submit his brief. Maine Rule of Civil Procedure 6(b) provides:

> Enlargement. When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Whether excusable neglect exists is left to the sound discretion of the trial court. *Langley v. Me. Workers' Comp. Bd.*, 2003 ME 32, ¶ 3, 819 A.2d 327, 329 (citation omitted). The trial court is in a superior position to evaluate the credibility and good faith of the party claiming excusable neglect. *Id.* (citing *Gregory v. City of Calais*, 2001 ME 82, ¶ 9, 771 A.2d 383, 386)). The standard for

finding excusable neglect is strict, and can be met only when extraordinary circumstances work an injustice. *Id.* Nonetheless, a court has some discretionary range within which to grant or deny a motion for an enlargement of time. *Solomon's Rock Trust v. Davis,* 675 A.2d 506, 509 (Me. 1996).

Here Petitioner failed to submit his 80C brief within time limits imposed by the scheduling order because he discovered the alleged deficiencies in the administrative record only days before the brief was due. Petitioner then set about trying to have those deficiencies corrected before proceeding with his brief. Because Petitioner filed a motion acknowledging the deadline of the scheduling order and explaining his actions, and because UCI does not contend it was prejudiced by that delay, Petitioner's Motion for Enlargement of Time is allowed.

III. Additional defendants and counts.

In seeking to add charges of conspiracy and misrepresentation in preparing the transcript against new parties, Petitioner misconstrues the applicability of Maine civil rules governing joinder of defendants and amendment of complaints in an ordinary civil suit. This is not a civil suit, but an appeal limited by rule and statute. This Court's review is confined to issues raised before the administrative agency, for which administrative remedies have been exhausted. *N.E. Whitewater Ctr., Inc. v. Dept. of Inland Fisheries and Wildlife,* 550 A.2d 56 (Me. 1988); 5 M.R.S.A. § 11007. The time limit for adding additional, independent claims to this 80C review is long past. Deliberately altering a transcript is not the "final agency action" subject to this 80C review, and those who may have conspired to omit key matters from Petitioner's transcript must be reached by other means. Nonetheless, Petitioner has procedural protections in an

80C review that permit him to address inaccuracies and omissions in the record and allow him to include evidence allegedly omitted from or distorted during the transcription of the transcript, including a request pursuant to Rule 80C(e).

Because it is untimely under Maine Rules of Civil Procedure, Petitioner's Motion to Correct the Record is **DENIED**. Petitioner's oral request to join additional defendants and to amend the pleadings is **DENIED**.

Because Petitioner's failure to submit his 80C brief within time limits imposed by the scheduling order can be attributed to excusable neglect, Petitioner's Motion for Enlargement of Time is **GRANTED**.

Petitioner is hereby ordered to submit his 80C brief within **30 days** of this order.

Petitioner is further ordered to submit any motion requesting this Court to take additional evidence not in the record, along with a sufficient offer of proof pursuant to M.R. Civ. P. 80C(e), within **10 days** of this order.

Date___April 26, 2005___

Roland A. Cole
Justice/Superior Court

6

**CLERK OF COURTS**
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

ELIZABETH WYMAN AAG
6 STATE HOUSE STATION
AUGUSTA ME 04333

**CLERK OF COURTS**
Cumberland County
P.O. Box 287
Portland, Maine 04112-0287

MAREK KWASNIK
99 SWETT ROAD
WINDHAM ME 04062

STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-02

RAA CUM-10/25/05

MAREK A. KWASNIK,

          Petitioner

     v.

UNEMPLOYMENT INSURANCE
COMMISSION,

          Respondent

**ORDER**

This case comes before the Court on Marek Kwasnik's Motion to Strike the

Unemployment Insurance Commission's Brief and Rule 80C appeal from the

Commission's determination that Petitioner was discharged by Barber Foods for

misconduct.

## FACTUAL BACKGROUND

Marek Kwasnik (Petitioner) was employed at Barber Foods, Inc. as a

senior technician, from September 4, 2002, until November 1, 2002. He was

discharged following numerous complaints about his abrasive and

confrontational behavior towards other employees. In 2003, following

subsequent employment in Massachusetts, Petitioner began receiving

unemployment benefits. Shortly thereafter, Barber Foods' experience rating

record was charged according to the interstate claims process. Barber Foods

appealed this determination to the Division of Administrative Hearings (DHA).

On January 14, 2004, a DHA hearing officer addressed the narrow issue of

whether Barber Foods should be charged for Petitioner's benefits. He ultimately

determined that Barber Foods should not be charged because Petitioner had been discharged for misconduct. 26 M.R.S.A. § 1043(23). Petitioner appealed this decision. On April 9, 2004, the Unemployment Insurance Commission (the Commission) affirmed and adopted the DHA decision. On May 10, 2004, Petitioner filed an appeal pursuant to Maine Civil Rule 80C.

## DISCUSSION

Preliminarily, pursuant to M.R. Civ. P. 80C(g), in an appeal of final agency action, the respondent has 30 days after the service of the petitioner's brief to file a brief. Thus, Petitioner's Motion to Strike the Commission's brief is denied.

In reviewing a decision of the Maine Unemployment Insurance Commission, the Court must determine whether the record contains competent evidence to support the findings of the Commission. *Spear v. Maine Unemployment Ins. Com.*, 505 A.2d 82, 84 (Me. 1986). The Court will affirm the Commission's decision if it is supported by substantial evidence on the whole record. *Id.*; 5 M.R.S.A. § 11007(4)(C)(5) (1979).

The first issue in this case is whether Petitioner was discharged from Barber Foods for engaging in misconduct. 26 M.R.S.A. § 1043(23) (Supp. 2004). Misconduct is defined, in relevant part, as "a culpable breach of the employee's duties or obligations to the employer or a pattern of irresponsible behavior, which in either case manifests a disregard for a material interest of the employer. *Id.* The statute further provides that "an unreasonable violation of rules that are reasonably imposed and communicated and equitably enforced" manifests a disregard for a material interest of the employer. *Id.* at § 1043(A)(2).

Here, the records shows that Petitioner's supervisor received eight

complaints about Petitioner's abrasive and confrontational demeanor during his short employment with Barber Foods. (Record 59, 61-62). On numerous occasions, the supervisor discussed Petitioner's abrasive demeanor and provided him with several techniques to assist in modifying his method of communication. Even after a final warning was issued, Petitioner still did not modify his behavior. There is substantial evidence on the record as a whole to support the Commission's finding that Petitioner engaged in a pattern of irresponsible behavior exhibited by the numerous complaints of his abrasive and confrontational demeanor.

The second issue in this case is whether this case is moot. Petitioner's collection of unemployment benefits was unaffected by the misconduct determination.[1] His only argument is that a finding of misconduct taints his reputation and thus amounts to defamation. However, the Employment Security Law provides that, inter alia, a finding of misconduct is confidential and has no consequence beyond the unemployment context. 26 M.R.S.A. § 1194(12). Therefore, because Petitioner's collection of benefits was unaffected by the determination, and a finding of misconduct does not taint his reputation, there is no real controversy for this Court to decide.

The decision of the Unemployment Insurance Commission is AFFIRMED.

DATE: _October 27, 2005_

_____
Justice, Superior Court

---

[1] Petitioner conceded at oral argument that he has collected the entire amount of unemployment benefits awarded to him.

Date Filed __05-10-2004__ ___Cumberland___ Docket No. ___AP-04-20___
                                County

Action ___80C Appeal___

MAREK A. KWASNIK                    STATE OF MAINE UNEMPLOYMENT INSURANCE COMISSION;
                                   DIVISION OF ADMINSTRATIVE HEARINGS OF MAINE
                                   DEPARTMENT OF LABOR; ~~BARBER FOODS, INC.~~;Dismissed
                                   ~~STEVEN BARBER; GREGORY BURGESS; BARBER FOODS INC.~~Dis.
                                   MAINTENANCE SUPERVISOR 2nd SHIFT

                                            vs.

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| PRO SE<br>Marek A. Kwasnik<br>99 Swett Road<br>Windham, ME  04062 | Elizabeth J. Wyman, AAG<br>Office of the Attorney General<br>6 State House Station<br>Augusta, ME  04333-0006<br>207-626-8800 |
| Date of<br>Entry | |